UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:06-cv-1770-JDT-TAB |
| ) | |
| ) | |
| UNDERWRITERS LABORATORIES, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER TO SHOW CAUSE**[1]

This litigation came before the court on a petition for removal, but the initial complaint was filed November 16, 2006, in Circuit Court in Monroe County, Indiana, on behalf of the Plaintiff by Mick G. Harrison, Rudolph William Savich, and Kara L. Reagan, all of whom signed the complaint as counsel of record.

It has come to the court's attention that Mr. Harrison, who lists his business address as Bloomington, Indiana, is not a member of the Indiana bar. Nor is he admitted to practice before courts in the Southern District of Indiana.

In a conversation with court staff on May 17, 2007, Mr. Harrison stated that he is a member of the Pennsylvania bar and had intended, but forgotten, to seek the court's permission to appear *pro hac vice.* Pennsylvania attorney licensing records, which are

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

available on-line in summary form at http://www.padisciplinaryboard.org/ (last visited May 30, 2007), confirm that Mr. Harrison has an active license to practice law in Pennsylvania. The records lists his current address as Berea, Kentucky.

A search of records in this court shows that Mr. Harrison moved for and was granted permission to appear *pro hac vice* in *Frey v. Environmental Protection Agency*, Case No. 1:00cv0660 in 2000. The Clerk's Office reports that when the case was converted to Electronic Case Filing, Mr. Harrison received a login and password at that time to use in that case. Mr. Harrison has subsequently used this login to file electronically a Response (Doc. No. 13), a Motion to Amend Complaint (Doc. No. 21) and a proposed Amended Complaint (Doc. No. 20) in this case.

Mr. Harrison also is a counsel of record in *Sierra Club v. Gates*, Case No. 2:07cv0101, which is also pending in this district. Mr Harrison signed the initial complaint as an attorney with offices in Bloomington, Indiana. As of this date, he has not filed a request to appear *pro hac vice* in either case. (Nor does it appear from the record that Mr. Harrison filed a request to appear *pro hac vice* in state court in the instant case when the complaint was initially filed.)

*Pro hac vice*, which means literally "for this turn only," is an admission to practice in a particular matter only. *See* Ind. S.D. Local Rule 83.5(c). Although *pro hac vice* admission in a state court in Indiana is restricted to attorneys who are not residents of Indiana (*see* Ind. Admission & Discipline R. 3), no such similar rule governs the admission of attorneys to federal courts. Federal Rule of Civil Procedure 83 empowers

District Courts to set their own rules, and most district court are generally lenient in permitting such appearances.  See Jean F. Rydstrom, *Attorney's Right to Appear Pro Hac Vice in Federal Court*, 33 A.L.R. Fed. 799 §2(a) (1977).

By local rule, an attorney seeking to appear *pro hac vice* must apply to the court and pay a fee.  S.D. Ind. L.R. 83.5(c).  Additionally, any attorney appearing before the court may be disbarred or suspended from practice in this court, or reprimanded, according the court's Rules of Disciplinary Enforcement.  *Id.* 83.5(f).  An attorney admitted *pro hac vice* or who applies to be so admitted confers disciplinary jurisdiction on the court over any alleged misconduct arising from that proceeding.  S.D. Ind. Disciplinary Enforcement R. IX.

In failing to seek timely *pro hac vice* admission in this case (as well as in *Sierra Club*), and in continuing to use his limited electronic filing privileges, Mr. Harrison has disregarded the rules of this court.  Therefore Mr. Harrison is ordered to show cause in writing within ten days of this date why he has failed to comply with the court's Local Rules in this regard and why a disciplinary proceeding should not be initiated as a result.

ALL OF WHICH IS ENTERED this 30th day of May 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge Tim A. Baker

Mick G. Harrison
The Caldwell Center
mickharrisonesq@earthlink.net

Rudolph William Savich
rsavich@aol.com

Aviva Grumet-Morris
WINSTON & STRAWN LLP
agmorris@winston.com

Michael P. Roche
WINSTON STRAWN LLP
mroche@winston.com

Thomas E. Deer
LOCKE REYNOLDS LLP
tdeer@locke.com

By U.S. Mail:

Kara L. Reagan
STAFFORD LAW OFFICE, LLC
714 West Kirkwood Avenue
P.O. Box 2358
Bloomington, IN 47402