UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:06-cv-1770-JDT-TAB |
| ) | |
| ) | |
| UNDERWRITERS LABORATORIES, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY GRANTING MOTION TO FILE CORRECTED AMENDED COMPLAINT (Doc. No. 28) AND ORDER SETTING DEADLINE FOR RESPONDING TO DEFENDANT'S MOTION TO DISMISS (Doc. No. 24)[1]**

This Entry addresses some housekeeping necessary for the resolution of this litigation by deeming Plaintiff Kevin Ryan's First Amended Complaint to be filed as of June 3, 2007, and setting the deadline for responding to a Motion to Dismiss the First Amended Complaint by Underwriters Laboratories, Inc. ("UL").

On May 14, 2007, after briefing was completed on UL's first Motion to Dismiss (Doc. No. 11) but before the court had ruled and prior to any responsive pleading, Plaintiff Kevin Ryan filed a First Amended Complaint (Doc. No. 20).  He also filed separately a Motion For Leave To File First Amended Complaint (Doc. No. 21).  On June 1, 2007, UL filed a response opposing the motion.

---

[1] This Entry is a matter of public record and will be made available on the court's web site.  However, the discussion contained herein is not sufficiently novel to justify commercial publication.

Normally, the filing of the First Amended Complaint would make that complaint operative, with or without a ruling on a motion for leave to amend. Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its complaint once "as a matter of course at any time before a responsive pleading is served." UL had not filed an answer to Mr. Ryan's initial complaint, only an initial motion to dismiss, which is not a responsive pleading. *See Duda v. Bd. of Educ.*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

As UL points out, a party's right to amend as a matter of course is not absolute. If an amended complaint "does not cure the deficiencies of the original pleading and the amended complaint is doomed not to survive a motion to dismiss," then the court may prohibit its filing. *See id.* at 1057 n.4. However, the primary reason for doing so is to relieve the defendants and court of the "'arduous task of responding to an obviously futile gesture on the part of the plaintiffs.'" *Id.* (quoting *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991)).

In this case, at the same time that UL opposed Mr. Ryan's initial motion to amend, it filed a Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 24), along with an accompanying brief. Therefore, the court cannot relieve UL of any burden in responding to the First Amended Complaint, even if the court were to deem the amended complaint to be a futile gesture. Moreover, having examined Mr. Ryan's initial Complaint and the First Amended Complaint, the court finds that its own burden is not likely to be substantially affected by the filing. For these reasons, even were the court to determine the First Amended Complaint to be a futile gesture, the court is disinclined

to prohibit Mr. Ryan from exercising his right under Rule 15(a) to amend his complaint once.

Mr. Ryan's First Amended Complaint as initially filed was defective, however, because it was not signed by counsel, and court staff notified Mr. Ryan's counsel of this shortcoming. Subsequently, on June 3, 2007, Mr. Ryan's counsel filed a Motion to Withdraw (the unsigned) First Amended Complaint (Doc. No. 26) and a Motion For Leave to File (the signed) First Amended Complaint (Doc. No. 28). Counsel also filed a signed copy of the First Amended Complaint as an attachment to this last motion. Aside from the signature, the signed amended complaint appears identical to the unsigned amended complaint filed on May 14, 2007.

For the reasons noted above, the court **DENIES** Mr. Ryan's initial Motion For Leave to File First Amended Complaint (Doc. No. 21) as moot and **GRANTS** Mr. Ryan's Motion to Withdraw (the unsigned) Prior Filed First Amended Complaint (Doc. No. 26). The court **GRANTS** Mr. Ryan's second Motion For Leave to File First Amended Complaint (Doc. No. 28) and **ORDERS** the signed First Amended Complaint be deemed filed and part of the court record as of June 3, 2007.

The court also **ORDERS** that Defendant's Motion to Dismiss the First Amended Complaint (Doc. No. 24), which was filed June 1, 2007, be deemed filed as of June 3, 2007, insofar as determining Mr. Ryan's deadline for responding to the motion, as provided under Local Rule 7.1 of the Southern District of Indiana.

Thus, the operative complaint before the court is the signed version of the First Amended Complaint (Doc. No. 28 Attach. 1), and pending before the court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, (Doc. No. 24), directed at the operative complaint.

ALL OF WHICH IS ORDERED this 4th day of June 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge Tim A. Baker

Mick G. Harrison
The Caldwell Center
mickharrisonesq@earthlink.net

Rudolph William Savich
rsavich@aol.com

Aviva Grumet-Morris
WINSTON & STRAWN LLP
agmorris@winston.com

Michael P. Roche
WINSTON STRAWN LLP
mroche@winston.com

Thomas E. Deer
LOCKE REYNOLDS LLP
tdeer@locke.com

By U.S. Mail:

Kara L. Reagan
STAFFORD LAW OFFICE, LLC
714 West Kirkwood Avenue
P.O. Box 2358
Bloomington, IN 47402