UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:06-cv-1770-JDT-TAB |
| ) | |
| ) | |
| UNDERWRITERS LABORATORIES, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PLAINTIFF'S MOTIONS FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Doc. No. 49), FOR EXTENSION OF TIME (Doc. No. 50), and TO AMEND MOTION (Doc. No. 51)**[1]

On August 9, 2007, this court dismissed Plaintiff Kevin Ryan's two claims against Defendant Underwriters Laboratories, Inc. ("UL").[2] Although Mr. Ryan's first claim was dismissed with prejudice, the second was dismissed without prejudice for fifteen days to allow Mr. Ryan to seek leave to amend his First Amended Complaint. Court staff informed Plaintiff's counsel on August 23 that the fifteen days would expire August 24, 2007. Plaintiff filed the pending motions on August 25, 2007.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

[2] The Order of Dismissal was signed August 8, 2007, but not docketed until the next day.

The court has considered the motions and **DENIES** Plaintiff's Motion For Leave To File Second Amended Complaint (Doc. No. 49) and Motion for Extension of Time (Doc. No. 50) for the following reasons:

1. Mr. Ryan did not file a motion to amend or a motion for an extension of time by the deadline set by the court, even if that failure was by a mere five minutes. His counsel's explanation for the missed deadline – primarily the need to re-analyze the facts and research the law with regard to a *new* claim or legal theory and co-counselors' unwillingness to sign the filings – do not constitute excusable neglect justifying an enlargement of time under Federal Rule of Civil Procedure 6(b)(2). Mr. Ryan has amended his Complaint once already to bring a new legal theory, and he has not shown that his request to amend his First Amended Complaint is based on discovery of facts not known prior to the Order of Dismissal or even when this litigation commenced. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (affirming a denial for enlargement when the reasons for missing the deadline were within the party's control).

2. Mr. Ryan's proposed Second Amended Complaint rests on his assertion of federal and state whistle blower claims arising from a conflict of interest resulting from UL's alleged prior testing of steel components used in the construction of the World Trade Center buildings. However, he has not provided any evidence of this prior testing, such as an alleged written acknowledgment from UL's chief executive officer.[3] Although the federal rules of notice pleading do not require plaintiffs to substantiate their claims to file a complaint, such evidence is helpful, if not necessary, when the plaintiff is seeking permission to amend a complaint and must persuade

---

[3] Nor does the record contain copies of the alleged written communications between Mr. Ryan, UL, and the National Institute of Standards and Technology, even though these communications were central to Mr. Ryan's initial Complaint and First Amended Complaint.

      the court that the new claim is not being brought "in a desperate effort to protract the litigation and complicate the defense." *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).

3. Mr. Ryan has not alleged any facts showing that the purported conflict of interest, if it did exist, was unlawful or material to a violation of the False Claims Act, 31 U.S.C. § 3729, the alleged report of which is the basis for his claims of retaliatory discharge claim to 31 U.S.C. § 3739(h) and wrongful discharge pursuant to the Indiana private employer whistle blower statute, Ind. Code § 22-5-3-3. The False Claims Act "has three essential elements: (1) the defendant made a statement in order to receive money from the government, (2) the statement was false, and (3) the defendant knew it was false." *United States ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005). Mr. Ryan has not alleged that UL made a false statement to the National Institute of Standards and Technology ("NIST") regarding any prior testing to the federal government or that such false statement was a condition or prerequisite to government payment.[4]

4. Mr. Ryan has not alleged facts showing that his communications with UL and NIST were taken in "in furtherance of" a civil action to enforce the False Claims Act, as required by the retaliatory discharge provision of 31 U.S.C. 3730(h). Although a plaintiff need not have actual knowledge of the False Claims Act or related *qui tam* provisions to fall under the protection of § 3730(h), a plaintiff will be required to demonstrate a reasonable belief that the employer was committing fraud. *Fanslow v. Chi. Mfg. Ctr., Inc.*, 384 F.3d 469, 479-80 (7th Cir. 2004). As the court's

---

[4] The Federal Acquisitions Regulations rule cited by Mr. Ryan, 48 C.F.R. § 9.504, does not prohibit the government from contracting with an entity which has a conflict of interest. Rather, it sets out rules for government contracting officers for identifying and evaluating such conflicts and to avoid, neutralize, or mitigate them prior to a contract award.

earlier Entry discussed, Mr. Ryan's pleadings amply demonstrate that his concern was about the competency of NIST's WTC investigation, the accuracy of the government's conclusions and, perhaps, the adequacy of UL's earlier testing – not about the sort of wrong-doing that is the concern of the False Claims Act.

The court also **DENIES** the Motion to Amend Plaintiff's Motion (Doc. No. 51), as the request to attach a proposed court order is moot.

All of which is ENTERED this 28th day of August 2007.

_____
John Daniel Tinder, Judge
United States District Court


Copies to:

Magistrate Judge Tim A. Baker

Mick G. Harrison
The Caldwell Center
mickharrisonesq@earthlink.net

Rudolph William Savich
rsavich@aol.com

Kara L. Reagan
STAFFORD LAW OFFICE, LLC
kara@cstaffordlaw.com

Aviva Grumet-Morris
WINSTON & STRAWN LLP
agmorris@winston.com

Michael P. Roche
WINSTON STRAWN LLP
mroche@winston.com

Thomas E. Deer
LOCKE REYNOLDS LLP
tdeer@locke.com