UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN RYAN, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:06-cv-1770-JDT-TAB |
| UNDERWRITERS LABORATORIES, INC., | ) ) ) | |
| Defendant. | ) ) | |

**ENTRY ON PLAINTIFF'S MOTION TO ALTER AND AMEND (Doc No. 54) and DEFENDANT'S MOTION FOR SUMMARY RULING (Doc. No. 58)**[1]

On August 9, 2007, this court dismissed Plaintiff Kevin Ryan's two claims against Defendant Underwriters Laboratories, Inc. ("UL"). Plaintiff belatedly filed a motion to amend. On August 28, 2007, the court denied that motion and entered an Order of Dismissal, dismissing Mr. Ryan's action against UL with prejudice.

Mr. Ryan responded by filing his Motion to Alter and Amend the District Court's Decisions and Orders of August 28, 2007 Denying Plaintiff Leave To Amend His Complaint and Dismissing All of His Action With Prejudice (Doc. No. 54). This Rule 59(e) motion was accompanied by a memorandum in support and the Declaration of Plaintiff Kevin Ryan. Attached to the memorandum are several exhibits: UL's letter of November 16, 2004, to Mr. Ryan regarding the termination of his employment; an

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

Internet posting of Mr. Ryan's November 11, 2004, letter to Dr. Frank Gayle of the National Institute of Standards and Technology; and what Mr. Ryan claims to be an email memorandum to him by UL CEO Loring Knoblauch in which Knoblauch states that UL tested the steel components used to construct the World Trade Center Towers for fire resistance and that the material tested performed beautifully.

The Defendant UL timely filed its response to the Plaintiff's motion.  Plaintiff did not file a reply within the time allowed under the Local Rules of this court and the Federal Rules of Civil Procedure.  Therefore, Defendant's Motion for Summary Ruling should be granted.

The Seventh Circuit recognizes only three valid grounds for a Rule 59(e) motion – newly discovered evidence, an intervening change in the controlling law, and manifest error of law.  See *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).  Mr. Ryan's instant motion, however, fails to raise any of these grounds.

The entry of judgment followed the court's denial of the Plaintiff's Motion For Leave To File Second Amended Complaint and Motion for Extension of Time.  The court had four independent reasons for denying the requested leave to amend.  (Entry Pl.'s Mot. Leave File Second Am. Compl. ("Entry") 2-4.)  First, Mr. Ryan failed to file a motion to amend or a motion for an extension of time within the deadline set by the court, and counsel's explanation did not constitute excusable neglect justifying an enlargement of time under Fed. R. Civ. P. 6(b)(2).  This alone would justify the denial of

Plaintiff's motion for leave to amend his Amended Complaint.  *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (affirming a denial for enlargement when the reasons for missing the deadline were within the party's control); *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (stating that Rule 59 "does not provide a vehicle for a party to undo its own procedural failures"); *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 879 (7th Cir. 1996) ("inexcusable attorney negligence is not an exceptional circumstance justifying relief" from judgment).  And there was more.

The proposed Second Amended Complaint rested on Mr. Ryan's assertion of federal and state whistleblower claims arising from a conflict of interest resulting from UL's alleged *prior* testing of steel components used in the construction of the World Trade Center buildings, but he did not provide any evidence of this prior testing, such as an alleged written acknowledgment from UL's chief executive officer.  The court said such evidence would be helpful, if not necessary, to a plaintiff who seeks permission to amend a complaint and who must persuade the court that the new claim is not being brought "'in a desperate effort to protract the litigation and complicate the defense.'"  (Entry at 3 (quoting *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996))).  Mr. Ryan's motion to alter or amend seems to be an attempt to address the court's concern in this regard.  However, even if Mr. Ryan has offered evidence that UL had tested the steel components used in the construction of the World Trade Center buildings prior to

the Towers' collapse,[2] he has not shown that either his declaration or Exhibits A, B or C constitutes "newly discovered evidence."  *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.").  Mr. Ryan's other arguments seek to rehash old arguments or to present new ones "that could and should have been made" before this court entered judgment.  These are impermissible uses of a motion to alter or amend the judgment.  *See, e.g.*, *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007); *LB Credit Corp.*, 49 F.3d at 1267.

For the foregoing reasons, the Defendant's Motion for Summary Ruling (Doc. No. 58) is **GRANTED** and the Plaintiff's Motion to Alter and Amend the Judgment (Doc. No. 54) is **DENIED**.

ALL OF WHICH IS ENTERED this 25th day of October 2007.

_____
John Daniel Tinder, Judge
United States District Court

---

[2] Exhibit C appears to have been altered from its original form, and Mr. Ryan's declaration offers no explanation.  Thus, it would be difficult to find that this exhibit should be treated as evidence.

Copies to:

Magistrate Judge Tim A. Baker

Mick G. Harrison
The Caldwell Center
mickharrisonesq@earthlink.net

Rudolph William Savich
rsavich@aol.com

Kara L. Reagan
STAFFORD LAW OFFICE, LLC
kara@cstaffordlaw.com

Aviva Grumet-Morris
WINSTON & STRAWN LLP
agmorris@winston.com

Michael P. Roche
WINSTON STRAWN LLP
mroche@winston.com

Thomas E. Deer
LOCKE REYNOLDS LLP
tdeer@locke.com